# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 6, 2023

Corinne Elise Amato
Samuel L. Closic
Stacey A. Greenspan
Jason W. Rigby
Pricket, Jones & Elliott, P.A.
1310 North King Street
Wilmington, DE 19801

Raymond J. DiCamillo
Daniel E. Kaprow
Melissa A. Lagoumis
Nicholas F. Mastia
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Peter B. Andrews
Craig J. Springer
David M. Sborz
Jackson E. Warren
Andrews & Springer LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

Brad D. Sorrels
Jeremy W. Gagas
Ashleigh L. Herrin
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Re: *Richard J. Tornetta v. Gregory B. Maffei et al.*,
C.A. No. 2019-0649-KSJM

Dear Counsel:

This letter opinion resolves the January 20, 2023 requests for leave to move for summary judgment filed by the "Non-Sirius Directors" and the "Sirius Defendants."[1]

This action challenges the stock-for-stock merger in which Sirius acquired Pandora Media, Inc. ("Pandora"). Plaintiff claims that Sirius timed and structured the

---

[1] The Non-Sirius Directors are Roger Lynch, Roger Faxon, Timothy Leiweke, Jason Hirschhorn, Mickie Rosen, and Michael Lynton. The Sirius Defendants are Gregory B. Maffei, James E. Meyer, David J. Frear (the "Sirius Directors") and Sirius XM Holdings Inc. ("Sirius"). *See* C.A. No. 2019-0649-KSJM, Docket ("Dkt.") 206 (Non-Sirius Directors' Mot.); Dkt. 207 (Sirius Defs.' Mot.).

merger opportunistically to its benefit, and that the Non-Sirius Directors were conflicted and remained supine throughout the process.

"There is no right to a summary judgment."[2] "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[3] "When an ultimate fact to be determined is one of motive, intention or other subjective matter, summary judgment is ordinarily inappropriate."[4] The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[5] This court has refused requests for leave to file motions

---

[2] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)) (internal quotation marks omitted).

[3] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *8 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

[4] *Cont'l Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969); *see also Amirsaleh v. Bd. of Trade of City of N.Y., Inc.*, 2009 WL 3756700, at *4 (Del. Ch. Nov. 9, 2009).

[5] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. Ct. 2021) (Wallace, J.) (cleaned up) (quoting *Parexel Int'l (IRL) Ltd. v. Xyomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Ct. Sept. 1, 2020)) (interpreting parallel rule of the Delaware Superior Court).

for summary judgment where such proceedings "are apt to waste, rather than conserve, the resources of the parties and the court."[6]

Typically, motions for summary judgment require a court to dive deeply into a paper record without the benefit of live witnesses explaining the significance of that record. This exercise requires a significant investment of judicial resources. With trial and the attendant benefits of live witness testimony around the corner, arguments that summary judgment motions might create efficiencies are tough to sell. Nevertheless, I approached the parties' requests for leave to move for summary judgment open to the possibility that there might be good reasons to undertake such an effort in this action. I have now studied the requests for leave and have concluded that there are no good reasons to permit motions for summary judgment at this time. The motions speak to factually rife issues, and I am far from convinced that the issues raised are not triable. The requests for leave to move for summary judgment are denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[6] *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007); *see also Blanch*, 2020 WL 6373167, at *1 (denying leave to file a motion for summary judgment filed in "close proximity to trial" and where "any motion for partial summary judgment will not obviate the need for trial").